Jane BELLEVUE

v.

## TOWN OF SCARBOROUGH, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs March 21, 1990.
Decided April 11, 1991.

E. Stephen Murray, Murray, Plumb & Murray, Portland, for plaintiff.

Christopher L. Vaniotis, Bernstein, Shur, Sawyer & Nelson, Portland, for Town of Scarborough.

John E. Geary, Richard A. Davis, Portland, for Beal's Ice Cream.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, CLIFFORD,
COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Plaintiff Jane Bellevue appeals from a judgment of the Superior Court (Cumberland County, *Alexander, J.*) affirming a decision of the Zoning Board of Appeals of the defendant Town of Scarborough. The Board of Appeals approved a miscellaneous appeal brought by defendant Peter Malia *d/b/a* Beal's Ice Cream to convert the nonconforming use of Malia's property in Scarborough from the processing and wholesaling of clam products to a retail ice cream business. Because we find sufficient evidence in the record to support the decision of the Board, we affirm.

Malia's property on Pine Point Road in Scarborough is located in a residential zone, but the property is grandfathered for use as a clam processing and wholesaling business. *See Total Quality, Inc. v. Town of Scarborough*, 588 A.2d 283, 284 (Me. 1991). In April 1989, Malia brought a "miscellaneous appeal" pursuant to the Scarborough Zoning Ordinance seeking the approval of the Board of Appeals to convert the nonconforming use of the property to a retail ice cream business.[1] As re-

---

1. Malia, under the corporate name "Total Quality, Inc." simultaneously brought an "administrative appeal" from the denial of a certificate of occupancy by the Scarborough Building Inspector, arguing that the proposed ice cream business did not constitute a change in the grandfathered nonconforming use. *See Total Quality, Inc. v. Town of Scarborough*, 588 A.2d 283 (Me. 1991). The Zoning Board of Appeals denied Malia's administrative appeal at the same time that it granted his miscellaneous appeal to convert the nonconforming use. *Id.,* at 284. Malia challenged the denial of his administrative appeal in a Rule 80B action in the Superior Court, which affirmed the Zoning Board of Appeals. *Id.* On appeal, we affirmed the Superior Court, finding that the record did not compel a finding by the Board that the proposed ice cream business would not be a change in the nonconforming use. *Id.,* at 285.

quired by the ordinance, the Board requested an advisory opinion on Malia's appeal from the Scarborough Planning Board, which recommended that the Board of Appeals deny the appeal. After hearings in June 1989, the Board of Appeals voted to approve Malia's miscellaneous appeal to convert the nonconforming use of his property to a retail ice cream business, subject to eight conditions.

The Scarborough Zoning Ordinance provides that the Board may not approve a conversion from one nonconforming use to another unless it finds that:

(a) the impact and effects of the ... conversion to another non-conforming use on existing uses in the neighborhood will not be substantially different from or greater than the impact and effects of the non-conforming use before the proposed ... conversion to another non-conforming use; and

(b) the ... conversion to another non-conforming use will comply with the standards for Special Exceptions contained in Section IV, I of this Ordinance.

Scarborough Zoning Ordinance § III(F)(a) & (b). The Board found that the impact and effects of the conversion to an ice cream business on existing uses in the neighborhood will not be substantially different from or greater than the impact and effects of the prior nonconforming use.[2] The Board further found that the conversion will comply with each of the standards for special exceptions set forth in the zoning ordinance. Bellevue, whose property abuts Malia's property, participated in the proceedings before the Board. On appeal from the denial by the Superior Court of her complaint brought pursuant to M.R. Civ.P. 80B, Bellevue contends that there is not sufficient evidence in the record to support the Board's approval of Malia's

miscellaneous appeal to convert the nonconforming use.

■ We review the decision of the Board of Appeals directly. *Mason v. Crooker–Mulligan,* 570 A.2d 1217, 1220 (Me.1990). In reviewing that decision, we are limited to determining whether facts reasonably could have been found from evidence in the record to justify the Board's conclusion. *Mack v. Municipal Officers of Town of Cape Elizabeth,* 463 A.2d 717, 720 (Me. 1983). If relevant evidence in the record could reasonably support the Board's conclusion, the fact that inconsistent evidence exists or inconsistent conclusions could be drawn from the evidence does not render the Board's findings invalid. *Id.*

■ There was evidence before the Board of Appeals that Malia's property is located on a busy road in a neighborhood of mixed residential and commercial uses. A traffic engineer testified before the Board that Pine Point Road has an average daily count of 10,000 to as many as 15,000 vehicles in the summer, and that the ice cream business likely would draw its customers from persons already passing the site rather than generate new traffic on the road. The engineer also stated that the small size of the building and lot would limit the amount of traffic and customers on the property. In the immediate vicinity of Malia's property are two restaurants, one of which abuts the property to the south, has a large, paved parking lot, and is open until 9:00 p.m. A vacant lot abuts Malia's property to the north. The closest property in use on the north side, a residence, is more than 100 yards away and is buffered by a stand of trees. Although Bellevue's residence abuts the rear of the site, the Board required as a condition of its approval of the conversion that Malia

---

**2.** We disagree with Bellevue's contention that the board failed to compare the impact and effects of the proposed ice cream business to the *actual* impact and effects of the prior use. The Board, in a lengthy decision setting forth its findings of fact and conclusions, made both explicit and implicit findings of fact as to the impact and effects of the prior use and the proposed use. *See Driscoll v. Gheewalla,* 441 A.2d 1023, 1026–27 (Me.1982) (where necessary implicit findings to sustain Board of Appeals

erect a six-foot stockade fence across the width of the rear of his property.[3]

Other conditions imposed by the Board are designed to ensure that the conversion does not result in substantially different or greater effects on the neighborhood. The Board limited the hours of operation to no later than 9:00 p.m. daily, and ordered that the property could be used only as an ice cream stand. The Board also directed that there be no outdoor speakers, no amplified music audible at the property lines, and no lights that shine on abutting properties. Finally, the Board conditioned its approval of the conversion on daily removal of litter from the property and the placement of adequate litter receptacles, as well as channelling of surface water drainage away from abutting properties.

Although the evidence suggests that the impact and effects of the prior nonconforming use on the existing uses in the neighborhood were minimal, there is sufficient evidence in the record to support the Board's finding that the impact and effects of the conversion will not be substantially different from or greater than the prior use in light of the busy road on which the property is located, the nature and proximity of the existing uses in the neighborhood, and the conditions imposed by the Board to minimize potential adverse effects on the existing uses. That there is evidence in the record that might have led the Board to reach a different conclusion does not permit us to substitute our judgment on the facts for that of the Board of Appeals. *Driscoll v. Gheewalla,* 441 A.2d 1023, 1029 (Me.1982).

Bellevue further contends that the ice cream business proposed for the site by Total Quality does not meet three of the standards for special exceptions set forth in the Scarborough Zoning Ordinance. She challenges the Board's findings that the proposed use "will not create unsafe vehicular or pedestrian traffic conditions when added to existing and foreseeable traffic in its vicinity" and that it will be compatible with existing uses in the neighborhood with respect to "intensity of use" and the "generation of noise and hours of operation." Scarborough Zoning Ordinance § IV(I)(4)(b), (e) & (i). We conclude that sufficient evidence appears in the record to support the Board's findings that the ice cream business will comply with the standards for special exceptions set forth in the ordinance.

The entry is:

Judgment affirmed.

All concurring.

---

decision appear in record, failure of board to make explicit findings of fact not reversible error).

**3.** After the Board of Appeals approved Malia's appeal to convert the nonconforming use with conditions, he submitted a site plan of the property to the Planning Board for approval as required by the Scarborough Site Plan Review Ordinance. *See Total Quality, Inc.,* 583 A.2d at 284. The Planning Board approved Malia's site plan subject to eleven conditions. Because those conditions were imposed after the Board of Appeals approved the conversion of the nonconforming use, they are not directly relevant to this appeal. Nevertheless, the conditions imposed by the Planning Board on its approval of the site plan will further diminish the impact and effects of the ice cream business on existing uses in the neighborhood. Those conditions include requirements that the six-foot stockade fence be set back twenty-five feet from Bellevue's property line, that Malia install a guardrail along the southern property line, and that he install a fence and evergreens along the northern property line. *See id.,* at 284–285.