STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-27
JFM.- KEN- 1/14/2003

JOSPEH LESSARD,

Petitioner

v.

CITY GARDINER BOARD
OF APPEALS, et al.,

Respondents

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

FEB 26 2003

This matter is before the court on petition for M.R. Civ. P. 80B review. Petitioner Joseph Lessard (a resident of Salem, NH) petitions for review of a decision by the City of Gardiner Board of Appeals pursuant to M.R. Civ. P. 80B and 30-A M.R.S.A. § 2691. Petitioner also names Stella Fucini ("Fucini") and Louis Richard ("Richard"), both of Brunswick, Maine, as parties-in-interest.

On January 7, 2002, the Gardiner Code Enforcement Officer ("CEO") denied Fucini and Richard's request for a building permit on the grounds that the proposed residential use was not permitted in a planned industrial and commercial zoning district, within which their lot is located. The CEO also found that the prior single-family residential use was non-conforming, had been discontinued for more than one year, and therefore could not be resumed ("grandfathered") pursuant to the applicable city ordinance.

Fucini and Richard appealed, and Respondent Gardiner Board of Appeals ("Respondent") reviewed the CEO's decision on March 6, 2002. Respondent granted the appeal, and permitted Fucini and Richard to apply for a single-family residential use permit on the grounds that the city's tax assessment records misled applicants.

Petitioner owns property abutting the property owned by Fucini and Richard, and at issue in this case. Petitioner attended the March 6, 2002 hearing before Respondent, and appeals the decision of that date. Petitioner contends that the decision potentially injures him as an abutter because a single-family residential use of real estate in the planned industrial/commercial district lowers his property value and renders his property less desirable for commercial use.

First, the court must determine if Petitioner has proper standing to appeal Respondent's decision. To have standing to appeal a decision of the board, "a party must (1) have appeared before the board of appeals; and (2) be able to demonstrate a particularized injury as a result of the board's action." *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 6, 746 A.2d 368, 371 (quotations and citation omitted). When a person who has appeared before the board is an abutter, he need only allege a potential for particularized injury to satisfy the standing requirement. *See Id.* at 371; *Christy's Realty Ltd. Partnership v. Town of Kittery*, 663 A.2d 59, 61-62 (Me. 1995)(citation omitted); *Wells v. Portland Yacht Club*, 771 A.2d 371, 373 (Me. 2001).

Here, Petitioner was present before the board for the March 6, 2002 meeting regarding Respondent's appeal. Rec. 4. Petitioner alleges in his complaint that the board's decision "potentially causes injury to [Petitioner] in that a single-family residential use of real estate in the planned industrial/commercial district makes his property less valuable and desirable for commercial use." Complaint, ¶ 15. Petitioner has standing to challenge the board's decision.

On review, this court independently examines the record and reviews the decision of the zoning board of appeals for abuse of discretion, errors of law, or findings unsupported by substantial evidence. *Cumberland Farms v. Town of Scarborough*, 1997

2

ME 11, ¶ 3, 688 A.2d 914, 915. The substantial evidence standard requires the court to examine the entire record "to determine whether on the basis of all the testimony and exhibits before the [board] it could fairly and reasonably find the facts as it did." *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990) (quoting *Seven Islands Land Co. v. Maine Land Use Regulation Comm.*, 450 A.2d 475, 479 (Me. 1982)). The court is not permitted to "make findings independent of those explicitly or implicitly found by the board or [to] substitute its judgment for that of the board." *Perrin v. Town of Kittery*, 591 A.2d 861, 863 (Me. 1991). "The board's decision is not wrong because the record is inconsistent or a different conclusion could be drawn from it." *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995). To prevail, the plaintiff must show "not only that the board's findings are unsupported by record evidence, but also that the record compels contrary findings." *Total Quality v. Town of Scarborough*, 588 A.2d 283, 284 (Me. 1991).

Petitioner contends (1) that Respondent erred as a matter of law in granting the applicant's appeal for a building permit allowing the continuation of a non-conforming use; (2) that Respondent's decision was arbitrary, capricious, and an abuse of discretion; and, (3) that the decision was not supported by substantial evidence on the record. In its response to the complaint, Respondent simply asserts that its decision should be upheld.[1]

Petitioner contends that Respondent failed to determine (1) if there was a legal, non-conforming use of the property; (2) whether that use was discontinued more than a year ago; and (3) to properly apply the definitions of "non-conforming" and "variance" as outlined in the zoning ordinance. Petitioner also contends Respondent erred in

[1] Respondent City of Gardiner Board of Appeals filed a response to the complaint, but no brief as required by M.R. Civ. P. 80B (g), unless otherwise ordered by the court. In its response to the complaint, and per letter dated May 31, 2001, Respondent states that it does not intend to file a brief. The City of Garrdiner Board of Appeals did not appear at oral argument.

3

deciding Fucini and Richard were misled by tax records because the record clearly shows that the property was purchased after Fucini and Richard had already applied for and been denied a building permit on grounds that the building was not zoned for residential use.

During the March 6, 2002 meeting, the issue before the board was whether single-family residential use of the subject property was a legal, "grandfathered," non-conforming use in accordance with the Gardiner Zoning Ordinance. Rec. 4. The ordinance defines and restricts non-conforming use as follows:

> Non-conforming building or use: A building, structure, use of land, or portion thereof, legally existing at the effective date of adoption or amendment of this Ordinance which does not conform to all applicable provisions of this Ordinance. Rec. 28.

> Non-conforming uses: (a) A non-conforming use that is discontinued for a period of one year may not be resumed. The uses of land, building or structure shall thereafter conform to the provisions of this ordinance. Rec. 14.

The meeting minutes reflect that the board did not refer to the ordinance at any point in reaching its decision, nor even attempt to apply the above definitions to this case. Rec. 4-6. The subject property is located in a planned industrial/commercial district, and has not been used for residential purposes since 1996. Rec. 7, 30. The board erred as a matter of law in permitting a non-conforming use to continue when that use has been discontinued for more than a year.

The board officially came to a decision on the basis that the tax records misled applicants interested in purchasing the property. Rec. 1, 3. Other, "unofficial" reasons for the decisions that were mentioned in the meeting include: that the proposed new Comprehensive Plan will eventually re-designate the property as "rural/residential"; that the city erred in not transferring information to the tax records; and that the former CEO set a precedent by allowing a house to be built on the subject property in 1994.

4

Rec. 5, 6. The board only considered whether the discrepancy between the tax records and the zoning map was created arbitrarily or capriciously. Rec. 5. Not one board member referred to the ordinance at all in deciding to grant the appeal. Rec. 4-6. The board never considered the specific issues before it of whether there was a legal, non-conforming use of the property and, if so, whether such use could be "grandfathered." Id.

Petitioner makes the assertion that respondent's decision was arbitrary, capricious, or an abuse of discretion on the grounds that the board failed to properly apply the ordinance to the issues in this case and failed to make the necessary conclusions of law.

As mentioned above, the board focused on the discrepancy between the zoning map and the tax records, and the fact that the former CEO permitted construction of a house on the property in 1994 (even though the property was zoned "planned industrial/commercial" in 1989 and the house burned down in 1996). Rec. 4-6, 7, 30. The board meeting minutes reflect that the board did not apply the ordinance to the issues in this case whatsoever. Rec. 4-6. Therefore, the board's decision was arbitrary, capricious, and an abuse of discretion.

The substantial evidence standard requires the court to examine the entire record "to determine whether on the basis of all the testimony and exhibits before the [board] it could fairly and reasonably find the facts as it did." *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990)(quoting *Seven Islands Land Co. v. Maine Land Use Regulation Comm.*, 450 A.2d 475, 479 (Me. 1982)). "The [government body's] decision is not wrong because the record is inconsistent or a different conclusion could be drawn from it." *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995). To prevail, plaintiff must show "not only that the [government body's] findings are unsupported by record evidence, but

5

also that the record compels contrary findings." *Total Quality v. Town of Scarborough,* 588 A.2d 283, 284 (Me. 1991).

Here, the record includes a zoning map that indicates the subject property is in a planned commercial/industrial district. Rec. 30. The record also includes the tax assessor's card that represents the property as rural/residential. Rec. 16. These two records formed the basis of the board's decision. However, the record also includes the zoning ordinance's definition of non-conforming use, and specifies that such use, after it is discontinued for one year, may not be resumed. See definitions *supra*, section (I); Rec. 14, 28. Had the board considered the definitions within the ordinance, it would have been compelled to determine that the prior non-conforming[2] use cannot be continued because such use was discontinued more than a year ago when the house burned down in 1996. Rec. 7, 13. The suggestion that the use never discontinued because the foundation and septic system remain is frivolous; the property has not been in use since 1996 and no livable structure existed on the property.

The record also clearly reflects that Fucini and Richard purchased the property on February 26, 2002 – after they had been put on notice that the property is not zoned for residential purposes. Rec. 22. Fucini and Richard had such notice on January 7, 2002, when their request for a building permit was denied on the basis that the property was not zoned for residential purposes. Rec. 13. It is inaccurate to conclude that Fucini and Richard were misled into purchasing the property due to the tax records, when they already knew that the property was not zoned for residential purposes before closing on the property.[3]

---

[2] The prior non-conforming use was legal because, even though the house was built in 1994 after the 1989 zoning designating the property "planned industrial/commercial," that use of the land as residential was never challenged.

[3] At oral argument, counsel stated that the house has been rebuilt.

6

Finally, the record does not include the proposed City Comprehensive Plan in which the subject property will allegedly be changed to rural/residential and which influenced the decisions of several board members regarding this appeal. Rec. 5-6.

Therefore, Respondent's decision was not supported by substantial evidence on the record. Had the board considered all the evidence available to it, it may have been compelled to reach a contrary decision.

The entry will be:

> The decision of the Gardiner Board of Appeals in the matter of application for building permit of Stella Fucini and Louis Richard dated March 6, 2002, is VACATED; this matter is REMANDED to the City of Gardiner Board of Appeals to proceed in compliance with this Decision and Order.

Dated: January _14_, 2003

Donald H. Marden
Justice, Superior Court

Date Filed __4/19/02_____ _____Kennebec_____ Docket No. ___AP02-27_____
                                    County

Action _____Petition for Review_____
                    80B

## J. MARDEN

Joseph Lessard                           VS.   City of Gardiner Board of Appeals, et als

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Sean M. Farris, Esq.<br>251 Water Street<br>P.O. Box 120<br>Gardiner, Maine  04345 | –Erik M. Stumpfel, Esq.<br> 30 Main St., P.O. Box 460<br> Dover-Foxcroft, Maine  04426<br><br>–Waldemar Buschmann, Esq. (Fucini & Richard<br> PO Box 417<br> Bangor Maine  04403 |

| Date of Entry | |
|---|---|
| 4/19/02 | Complaint, filed. s/Farris, Esq. |
| 4/22/02 | Notice of briefing schedule mailed to atty Farris. |
| 5/1/02 | Letter entering appearance, Stumpfel, Esq.<br>Original Summons with return service made upon Stella Fucini and Louis Richard on 4/27/02. |
| 5/15/02 | Responsive Pleadings of Parties-in-Interest, Stella Fucini and Louis Richard, filed. s/Buschmann, Esq. |
| 5/22/02 | Response to Complaint, filed. s/Stumpfel, Esq. |
| 5/30/02 | Brief of Appellant, filed. s/Farris, Esq.<br>Appendix of Appellant, filed. s/Farris, Esq. |
| 6/4/02 | Letter informing the court that Board of Appeals will not file a response. |
| 11/27/02 | Hearing had on 11/26/02 on Appeal, Hon. Donald Marden, Presiding.<br>Sean Farris, Eric Stumpfel and Waldemar Buchmann present oral arguments to the court.  Court takes matter under advisement. |
| 12/3/02 | Letter from atty Stumpfel indicating that City of Gardiner will not be present at the hearing on 11/27/02, filed. |
| 1/14/03 | DECISION AND ORDER, Marden, J.<br>The decision of the Gardiner Board of Appeals in the matter of application for building permit of Stella Fucini and Louis Richard dated March 6, 2002, is VACATED; this matter is REMANDED to the City of Gardiner Board of Appeals to proceed in compliance with this Decision and Order.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrect Library and Goss. |