STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-07-36

STERLING SMITH
and
SAMUEL SMITH,

      Petitioners

    v.

INHABITANTS OF THE
TOWN OF MONMOUTH,

      Respondent

**DECISION AND ORDER**

In front of the court is petitioners' M.R. Civ. P. 80B petition for judicial review of the Town's final decision of April 11, 2007.

<u>Facts</u>

Sterling and Samuel Smith are brothers. Sterling is an indigent thirty-nine year old man with cognitive impairments. Samuel is fifty-six and is also indigent and too has serious cognitive impairments. The Smiths lived in a family home inherited from their father in 1996.

From 1996 to 2006 tax liens were recorded by the Town of Monmouth with the Registry of Deeds due to non-payment of property taxes by the Smiths. Though they had not acted on the liens before, the Town decided to act in 2006. Because of questions regarding the Smiths' mental capacity, the Town contacted DHHS, Office of Elder Services on November 14, 2006.

On January 3, 2007, the Board of Selectmen met to consider the Smiths' situation. There is some disparity in the parties' account of this meeting. According to the petitioner, after discussion, the Board voted unanimously to abate all past taxes and

current taxes in exchange for payment by the Smiths of $100 a month towards future taxes. This first payment was tendered on March 2, 2007 and accepted by the Town. The Town sees this meeting as an informal discussion regarding what to do with the Smiths that concluded in no enforceable action by the Town.

On March 12, 2007, the Smith property was destroyed by fire. The Smiths arranged with DHHS for placement of a new structure on the property. On March 21, 2007 a Town of Monmouth Special Selectmen's meeting was held in which, with respect to the Smiths, discussion of many issues (e.g. animal welfare, plumbing, late night swearing, and whistling at women) took place.

The Board met again on April 11, 2007 pursuant to 17 M.R.S.A. § 2851, et seq finding that the Smiths' home constituted a public hazard. The Board voted to demolish the home as a hazard subsequent to the fire and to have the Town Manager prepare the lot for sale.

## Standard of Review

On appeal, this court independently examines the record and reviews the decision of the municipality for "error of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Yates v. Town of Southwest Harbor,* 2001 ME 2, ¶10, 763 A.2d 1168, 1171 (*citing Sproul v. Town of Boothbay Harbor,* 2000 ME 30,8, 746 A.2d 368, 372. The substantial evidence standard requires the court to examine the entire record "to determine whether on the basis of all the testimony and exhibits before the [board] it could fairly and reasonably find the facts as it did." *Ryan v. Town of Camden,* 582 A.2d 973, 975 (Me. 1990) (quoting *Seven Islands Land Co. v. Maine Land Use Regulation Comm.,* 450 A.2d 475, 479 (Me. 1982)). The court is not permitted to "make findings independent of those explicitly or implicitly found by the board or [to] substitute its judgment for that of the board." *Perrin v. Town of Kittery,* 591 A.2d 861, 863

(Me. 1991). "The board's decision is not wrong because the record is inconsistent or a different conclusion could be drawn from it." *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995). To prevail, petitioners must show "not only that the board's findings are unsupported by record evidence, but also that the record compels contrary findings." *Total Quality v. Town of Scarborough*, 588 A.2d 283, 284 (Me. 1991).

## Discussion:

### I. The Record

When the record upon which findings of a municipality are based is insufficient for meaningful judicial review, this court must remand the matter to the Board for further findings of fact and conclusions of law to be put clearly on record that can be meaningfully reviewed by this court. Absent clear findings it is impossible for the court to proceed. *See Comeau v. Town of Kittery*, 2007 ME 76, ¶ 13, 926 A.2d 189, 192-193 (citing *Widewaters Stillwater Co. v. Bangor Area Citizens Organized for Responsible Dev.*, 2002 ME 27, ¶¶ 11-12, 790 A.2d 597, 600-01; *Chapel Rd. Assocs. v. Town of Wells*, 2001 ME 178, ¶ 10, 787 A.2d 137, 140; *Christian Fellowship & Renewal Ctr. v. Town of Limington*, 2001 ME 16, ¶¶ 1-18, 769 A.2d 834, 838-40). The Law Court has not ruled out whether such findings can be laid out in the minutes to the meeting, however such findings "would have to be explicitly stated as individual factual findings and voted on individually." *Id.* at n. 5. Here, the municipality has provided cassette tapes memorializing the Town's meetings on January 3, 2007; March 28, 2007; and April 11, 2007; and August 13, 2007. There has been no record provided for a March 21, 2007 meeting.

The particular government act challenged is the April 11, 2007 decision of the Board to destroy the Smith house and sell the property. The question raised by

petitioners is whether the Board decided to abate the Smiths' taxes thus abrogating authority for the April 11, 2007 decision, depends on a record of the abatement discussion on January 3, 2007.

First, unfortunately and potentially to the detriment of the Smiths, the record for the 2008 abatement process is quite unclear:

> Unidentified Male Speaker: I think she needs an indication of what were [sic] going to do first (Inaudible).
> Unidentified Female Speaker: Okay. (Inaudible)
> Unidentified Male Speaker: (Inaudible).
> Unidentified Female Speaker: Fine thanks.
> Unidentified Female Speaker: (Inaudible) motion – make a motion to start the taxes on the heirs of Harry Smith –
> Unidentified Male Speaker: (Inaudible) 2008.
> Unidentified Female Speaker: 2008?
> Unidentified Male Speaker: April 1$^{st.}$
> Unidentified Female Speaker: April 1st, 2008. Second.
> Unidentified Male Speaker: (Inaudible) they don't need to pay until then.
> Unidentified Male Speaker: Until (inaudible) year 2008. (Inaudible) supervise (inaudible) whatever (inaudible) of improvements on the house (inaudible). We can (inaudible) a guardian (inaudible) it would be in competent and secured (inaudible). That's my recommendation (inaudible) it will give you (inaudible) time.
> Unidentified Female Speaker: (Inaudible).
> Unidentified Male Speaker: (Inaudible-multiple voices)…
> Unidentified Male Speaker: (Inaudible) the humanitarian way.
> Unidentified Female Speaker: (Inaudible-multiple voices).
> Unidentified Female Speaker: Thank you very much.
> Unidentified Male Speaker: You want it in writing.
> Unidentified Female Speaker: (Inaudible) would be wonderful.

(R. Jan. 3, 2007, at 35-36.)

The April 11, 2007 record reveals a confusing mess of unclarity as to when or on what the selectmen are voting particularly at the assumed conclusion of discussion of the Smiths.[1] Earlier in the hearing, David Shaw, a Code Enforcement Officer, testifies

---

[1] For Example,
> Chair: (Inaudible).
> Unidentified Male Speaker: (Inaudible) motion to (inaudible).
> Unidentified Male Speaker: (Inaudible) second it?
> Chair: (Inaudible). All those in favor? The ayes (inaudible).
> Unidentified Male Speaker: (Inaudible).
> Unidentified Male Speaker: (Inaudible) what just happened?

fairly clearly on the conditions of dangerousness, including his reading into the record of his order to the Smiths finding them in violation 17 M.R.S.A. § 2851. (R. April 11, 2007 at 3-7.) The facts as detailed by Shaw and entered into the record are clear enough for this court to review, however after Shaw speaks, a motion is entered, the content or status of which is not clear.[2] After the motion, conversation shifts to the issue of ownership.[3] A vote is finally held, what is being voted on remains unclear, though that

---

(Inaudible-multiple conversations [lasting for two pages of transcript])...
Unidentified Male Speaker: Do we need a motion to –
Unidentified Male Speaker: Yea, we need a motion to (inaudible) to sign the agreement on (inudible).
Unidentified Male Speaker: (Inaudible) anybody has any questions (inaudible).
Unidentified Male Speaker: Okay.
Unidentified Male Speaker: I so move.
Unidentified Group of Speakers: I second that.
Chair: Do we have any other discussion on this? (Inaudible).
Unidentified Male Speaker: (Inaudible).
Unidentified Male Speaker: (Inaudible) I guess, I need to admit, because I was caught off-guard by what the pictures that (inaudible) showed (inaudible) the (inaudible) property, I think that the Town (inaudible) in the Town did a remarkably professional job of the, (inaudible) removal and the clean up on day that it's rather inclement on the one hand, and cold on the other and they did a marvelous job and I'm glad that you could be here and for all of these folks in the Public Works, I think you guys did a great job.
(R. April 11, 2007 at 22-24.)

[2] David Parsons: Okay. Let's first put a motion on the table and then have the discussion of it (inaudible) the adoption of the (inaudible) and the order as just read by Mr. Shaw?
Unidentified Speaker: On with the adoption of the order just read.
Unidentified Speaker: I will second that.
Unidentified Female Speaker: All those in favor?
(Inaudible-multiple speakers).
Unidentified Male Speaker: (Inaudible). Is there a motion on the table?
Chair: I'm Sorry.
Unidentified Male Speaker: Yes.
David Parsons: (Inaudible) is there a motion on the table?
Unidentified Male Speaker: Yes.
David Parsons: (Inaudible). Is there any comments or (indaudible) anybody has before the Selectmen take action on this motion?
Unidentified Male Speaker: Can we discuss it?
(R. April 11, 2007 at 8.)

[3] Unidentified Male Speaker: I have a question about the (inaudible) end of your order which you read – would you read the last thing. It would be the sentence, the last two-three lines?
David Shaw: For the appeal?
Unidentified Male Speaker: No the one about the money.
David Parsons: (Inaudible).
David Shaw: If this order is not timely complied with and no timely appeal is taken, the Municipal Officers may undertake said abatement at Municipal expense and recover all such expenses including reasonable attorney fees by use of special tax or civil action.
Unidentified Male Speaker: What does that mean?

it passed is somewhat clarified by discussion subsequent to the vote.[4] Though Shaw's factual findings would likely be sufficient to find the Smiths in violation of 17 M.R.S.A. § 2851, the Board's adoption of these findings, votes related to the decision to adopt these findings, relation of these findings to open issues of ownership of the property, and decisions regarding the sale of the property are insufficient for meaningful review.

This court could certainly look at the record, use its powers of deduction and infer what it is the town meant to do in its meetings. It also does not take powers of clairvoyance to guess what they will do upon remand. Nevertheless, this court is not supposed to rely on such faculties in its M.R. Civ. P. 80B review. Review is based on the record. Here, the court cannot determine based on the record in front of it: (1) whether the town in its January 3, 2007 meeting intended to abate the petitioners' taxes, thus impacting the future rights of the town to sell the property; (2) the precise motions

---

David Parsons: It's really statutory language. Mr. Shaw has drafted (inaudible) what the Statute says. As I explained earlier, this is an unusual situation that the Town technically already owns the property. If the Town didn't own the property and was going to recover the cost of cleaning up the property, that language, the statutory language allows the Town to recover the cost.
Unidentified Male Speaker: Right.
David Parsons: (Inaudible) proceeding against another owner you basically are allowed to get it back in taxes against the owner (inaudible) we really want to make sure, if there's any question, in the future about whether we own it or we don't, that you have the authority of the Statute to recover your costs.
Unidentified Male Speaker: Is there any question if we own it?
David Parsons: Not in our view.
Unidentified Male Speaker: I'm just wondering if we, that our building we happen to own that we feel needs to be destroyed on general principle, can't we just go ahead and destroy it?
David Parsons: We can.
Unidentified Male Speaker: And so I'm a little confused as to the reason for the legal proceedings to take down a building that we deem is in need of destruction and we need to take, we need to take legal action to do it when we actually own the building. What is, what is the – (inaudible-multiple conversations). (R. April 11, 2007 at 9-10.)

[4] Chair: Okay. And we can make a, a motion has been made, all we need is a second.
Unidentified Male Speaker: I seconded that.
Chair: Oh, you did? Okay.
Unidentified Male Speaker: Now you've had some discussion now, it's up to a vote.
Chair: Any more discussion?
Unidentified Male Speaker: Need a vote.
Unidentified Male Speaker: I'll second that.
Chair: A vote. All in favor?
David Parsons: The uh, the next item that I was asked to address is (inaudible) is to put forth a motion we can act on tonight if you want to, or if you prefer, my understanding from talking to the manager that *if this motion passed, which it did,* that the intent would be to move forward and clean up the property....

voted on, the results of those votes at the April 11, 2007 meeting, and on what evidence the votes are based. The court has no other choice but to remand this case to the town for a public hearing at which the petitioners' through counsel will have the opportunity to be heard.

## II. Whether the Town of Monmouth is equitably estopped from selling the Smiths' property?

Petitioners' estoppel argument is based fully on what occurred with respect to abatement at the January 3, 2007 hearing. Nevertheless, in the interest of judicial economy, in the event of a subsequent petition following the new hearing, petitioners' cannot utilize equitable estoppel in this context.

> [U]nder the law of Maine the application of equitable estoppel is *not absolutely* precluded solely because it is invoked against activity by *a* governmental official or agency in the discharge of *a* governmental function. The law of Maine is, rather, that depending on the totality of the particular circumstances involved, which will include the nature of the particular governmental function being discharged as precipitating particular considerations of public policy, equitable estoppel may be applied to activities of a governmental official or agency in the discharge of governmental functions. *Maine School Administrative District No. 15 v. Raynolds*, 413 A.2d 523, 533 (Me. 1980).

However, this same decision that established in Maine law the possibility of using equitable estoppel against a governmental official or agency, cited the continuing existence of the tenant that "equitable estoppel may not be invoked against a governmental official or agency in the discharge of responsibilities regarding taxation, the paramount function of the government by which it is enabled to exist and function at all." *Id.* The government act that petitioner seeks to estop is the sale of land, however the land belongs to the town due to tax liens, and the action on which petitioner alleges it detrimentally relied was the abatement of owed taxes. The Law Court has "held that equitable estoppel 'can be asserted only as a defense and cannot be used as a weapon of assault.'" *Tarason v. Town of South Berwick*, 2005 ME 30, ¶ 16, 868

A.2d 230, 234 (holding that the town's determination that there was an ordinance violation was not an enforcement action, thus petitioner could not through appeals or 80C enforce equitable estoppel) (quoting *Buker v. Town of Sweden,* 644 A.2d 1042, 1044 (Me. 1994)). Petitioners' are not entitled to assert equitable estoppel.

The entry is

     This case is REMANDED to the Town of Monmouth board of selectmen for a new hearing in which the petitioners' are permitted to participate, and the Board will create an adequate record that can be meaningfully reviewed by this court, on which there is: 1) discussion and conclusions whether the Town abated or intended to abate petitioners' tax burdens at a meeting on January 3, 2007; 2) discussion, clear motions, and votes on the board's decision whether the Smiths' property violates 17 M.R.S.A. § 2851; 3) discussion of the board's decision to sell the property and under what authority it does so should it decide to do so.

May __6__, 2008

Justice Joseph Jabar

Date Filed 5/11/07     Kennebec     Docket No. AP-07-36

County

Action    Review of Governmental Action

80B

Samuel Smith and Sterling Smith    vs.    Inhabitants of the Town of Monmouth, ME

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Timothy Fadgen, Esq.<br>Disability Rights Center<br>PO Box 2007, 24 Stone Street<br>Augusta, ME 04338<br>Staci Converse, Esq.<br>Dis Rights Center | David J. Perkins, Esq.<br>Thirty Milk Street<br>PO Box 449<br>Portland, Maine 04112-0449 |

| Date of Entry | |
|---|---|
| 5/11/07 | Plaintiffs' Motion For Review Of Governmental Action, filed. s/Fadgen, Esq.<br>Entry of Appearance, filed. s/Fadgen, Esq.<br>Application to Proceed Without Payment of Fees, filed. s/Samuel Smith<br>and s/Sterling Smith<br>Indigency Affidavit, filed. s/Sterling Smith<br>Certificate of Service, filed. s/Fadgen, Esq. |
| 5/17/07 | ORDER ON APPLICATION TO PROCEED WITHOUT FEES, Mills, J.<br>Copy mailed to atty. |
| 5/21/07 | Acceptance of Service, filed. s/Perkins, Esq. |
| 5/22/07 | Notice of Appearance, filed. s/Perkins, Esq. |
| 6/20/07 | Letter requesting briefing schedule, filed. d/Perkins, Esq. |
| 6/21/07 | Notice of briefing schedule mailed to attys of record. |
| 7/31/07 | Assented to Motion to Enlarge Time to File s/ T. Fadgen Esq.<br>Proposed Order, filed. |
| 8/1/07 | ORDER, Marden, J. (7/31/07)<br>After review of Plaintiffs' Assented-to Motion to Enlarge Time to File Brief<br>it is hereby Ordered that Plaintiffs' motion is GRANTED. Plaintiffs' Brief<br>shall be filed by August 14, 2007.<br>Copies mailed to attys. of record. |
| 8/15/07 | Motion To Enlarge Time To File Record and Motion For Leave To Amend Brief,<br>Brief In Support Of Motion, Photos, Affidavit of DHHS, Affidavit of Grace<br>Smith, Attachments, Proposed Order, filed 8/14/07. s/Fadgen, Esq. |
| 8/28/07 | Plaintiffs' Amended Brief, filed 8/24/07. s/Fadgen, Esq.<br>Record of Selectmen Meeting January 3, 2007 and Selectmen Meeting April 11,<br>2007, filed 8/24/07. s/Fadgen, Esq. |
| 9/7/07 | Record of Selectmen Meeting March 28, 2007, filed 9/4/07. s/Fadgen, Esq. |

STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, SS.                                     CIVIL ACTION
                                                  DOCKET NO. AP-07-36
                                                  JMS  KEN  10|19|...

SAMUEL SMITH, ET AL,                )
                                    )
            Plaintiffs              )
                                    )
                                    )
                                    )
                                    )      DECISION AND ORDER
                                    )
INHABITANTS OF THE TOWN OF          )
MONMOUTH, MAINE,                    )
                                    )
            Defendants              )

Upon the Town of Monmouth's Motion for Final Judgment, a hearing having occurred on

December 4, 2008, the Court hereby makes the following findings:

The Town of Monmouth has created an adequate record for review by this Court as

required by the Court's May 6, 2008 remand order.

The Town of Monmouth/Board of Selectmen's decision and findings of fact regarding

the public hearing held on June 18, 2008 demonstrate that the Monmouth Selectmen did not

abate or intend to abate Sterling Smith and/or Samuel Smith's tax obligations at the meeting on

January 3, 2007 as alleged by the Smiths in this matter. The decision and findings of fact for the

public hearing held on June 18, 2008 demonstrate that the Board of Selectmen acted within their

authority and upon sufficient information to determine that the Smiths' property was dangerous

and/or a nuisance within the meaning of 17 M.R.S.A. § 2851 et seq. and the basis for the

Selectmen's determination is adequately set forth in the decision and findings of fact for the

public hearing held on June 18, 2008 and the prior findings and order pursuant to 17 M.R.S.A.

§§ 2851-2859 dated April 11, 2007. As required by the remand order, the Selectmen have

confirmed in their decision and findings of fact that the basis for their order of sale of the Smith

property is based upon the Town of Monmouth obtaining title to the property as the result of a

duly perfected tax foreclosure pursuant to 36 M.R.S.A. § 942 subsequent to the Smiths' failure to pay their taxes. This Court determines that the Monmouth Board of Selectmen has not abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record.

Based upon the Town of Monmouth's Motion for Final Judgment and the supplemented record, including the Findings of Fact and Decision for the public hearing held on June 18, 2008, the Court hereby ORDERS that the Plaintiffs' Motion for Review of Governmental Action pursuant to M.R.Civ.P. 80B is hereby denied.

This Order shall be incorporated in the docket by the Clerk.

Dated:_____

_____
Justice, Superior Court

2

Date Filed _____ 5/11/07 _____ _____ Kennebec _____ Docket No. ___ AP-07-36 _____
County

Action _____ Review of Governmental Action _____
80B

Samuel Smith and Sterling Smith  vs.  Inhabitants of the Town of Monmouth, ME

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Timothy Fadgen, Esq.<br>Disability Rights Center<br>PO Box 2007, 24 Stone Street<br>Augusta, ME  04338<br>Staci Converse, Esq.<br>Dis Rights Center | David J. Perkins, Esq.<br>Thirty Milk Street<br>PO Box 449<br>Portland, Maine  04112-0449 |

| Date of Entry | |
|---|---|
| 5/11/07 | Plaintiffs' Motion For Review Of Governmental Action, filed.  s/Fadgen, Esq.<br>Entry of Appearance, filed.  s/Fadgen, Esq.<br>Application to Proceed Without Payment of Fees, filed.  s/Samuel Smith<br>and s/Sterling Smith<br>Indigency Affidavit, filed.  s/Sterling Smith<br>Certificate of Service, filed.  s/Fadgen, Esq. |
| 5/17/07 | ORDER ON APPLICATION TO PROCEED WITHOUT FEES, Mills, J.<br>Copy mailed to atty. |
| 5/21/07 | Acceptance of Service, filed. s/Perkins, Esq. |
| 5/22/07 | Notice of Appearance, filed. s/Perkins, Esq. |
| 6/20/07 | Letter requesting briefing schedule, filed. d/Perkins, Esq. |
| 6/21/07 | Notice of briefing schedule mailed to attys of record. |
| 7/31/07 | Assented to Motion  to Enlarge Time to File s/ T. Fadgen Esq.<br>Proposed Order, filed. |
| 8/1/07 | ORDER, Marden, J.  (7/31/07)<br>After review of Plaintiffs' Assented-to Motion to Enlarge Time to File Brief<br>it is hereby Ordered that Plaintiffs' motion is GRANTED. Plaintiffs' Brief<br>shall be filed by August 14, 2007.<br>Copies mailed to attys. of record. |
| 8/15/07 | Motion To Enlarge Time To File Record and Motion For Leave To Amend Brief,<br>Brief In Support Of Motion, Photos, Affidavit of DHHS, Affidavit of Grace<br>Smith, Attachments, Proposed Order, filed 8/14/07.  s/Fadgen, Esq. |
| 8/28/07 | Plaintiffs' Amended Brief, filed 8/24/07.  s/Fadgen, Esq.<br>Record of Selectmen  Meeting January 3, 2007 and Selectmen Meeting April 11,<br>2007, filed 8/24/07.  s/Fadgen, Esq. |
| 9/7/07 | Record of Selectmen Meeting March 28, 2007, filed 9/4/07.  s/Fadgen, Esq. |

| Date of Entry | | Docket No. _____ |
|---|---|---|

**9/10/07** — The Town of Monmouth's Opposition to Plaintiffs' Motion for Review of Governmental Action, filed. s/Perkins, Esq.
Affidavit of Paul Bird, filed. s/Bird

**9/24/07** — Plaintiff' Reply Brief, filed. s/Fadgen, Esq.

Notice of setting for __4/8/08__

sent to attorneys of record.

**3/20/08** — Notice of appearance on behalf of the plt's. s/ Staci Converse, Esq.

**4/8/08** — Hearing held with the Hon. Justice Joseph Jabar.
Staci Converse, Esq. for the Petitioners. David Perkins, Esq. for the Respondent.
Oral arguments made to the court. Court to take matter under advisement.

**5/6/08** — DECISION AND ORDER, Jabar, J.
This case is REMANDED to the Town of Monmouth board of selectmen for a new hearing in which the petitioners' are permitted to participate, and the Board will create an adequate record that can be meaningfully reviewed by this court, on which there is: 1)discussino and conclusrion whether the Town abared or intended to abate petitioners' tax burdens at a meeting on January 3, 2007; 2) discussino, clear motions, and votes on the board's decison whether the Smiths' property violates 17 M.R.S.A. §2851; 3) discussion of the board's decison to sell the property and und what authority it does so should it decide to do so.
Copies to attys. of record.
Copies to repositories.

**7/8/08** — Town of Monmouth Board of Selectmen Decision, filed. s/Perkins, Esq.

**8/22/08** — The Town of Monmouth's Motion for Final Judgment, filed. s/Elliopulos, Esq.

**9/16/08** — Letter regarding motion, filed. s/Perkins, Esq.

**10/14/08** — Letter regarding motion, filed. s/Perkins, Esq.

Notice of setting for __12/4/08__

sent to attorneys of record

**12/4/08** — Oral arguments held with the Hon. Justice Joseph Jabar, presiding.
Timothy Fadgen, Esq. for the Petitioner and David Perkins, Esq. for the Respondent. No courtroom clerk

**12/15/08** — DECISION AND ORDER, Jabar, J.
ORDERS that the Plaintiffs' Motion for Review of Governmental Action pursuant to M.R.Civ.P.80B is hereby denied.
Copies mailed to attys. of record.
Copies to repositories.