Edward E. RYAN

v.

**TOWN OF CAMDEN, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 14, 1990.
Decided Nov. 29, 1990.

Stephen W. Hanscom (orally), Crandall, Hanscom, Pease and Collins, P.A., Rockland, for plaintiff.

Terry W. Calderwood (orally), Eaton, Peabody, Bradford & Veague, Camden, for defendants.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

WATHEN, Justice.

Plaintiff Edward E. Ryan appeals a judgment of the Superior Court (Knox County, *Silsby, J.*) affirming an order of the Board of Selectmen of the Town of Camden removing him as chief of police after a hearing pursuant to 30 M.R.S.A. § 2361 (1978).[1] Plaintiff's principal contentions are as follows: The Superior Court erred in determining that the Board of Selectmen was the appropriate body to hold his termination hearing, the court abused its discretion in denying his motion for a trial of the facts, and the order of the Board is not supported by sufficient evidence. Finding no error, we affirm the judgment of the Superior Court.

Plaintiff began serving as chief of police for the Town of Camden on April 27, 1987. Less than fourteen months later, Camden's town manager notified plaintiff of his decision to terminate him from that position. Plaintiff requested a hearing, pursuant to 30 M.R.S.A. § 2361, which culminated in an order removing him as chief of police.

Plaintiff appealed the Board's order by filing a six-count complaint, Count I of which the Superior Court decided to treat as an appeal under M.R.Civ.P. 80B. The Superior Court affirmed the Board's order, finding no error of law or abuse of discretion and that the order is supported by substantial evidence. Pursuant to M.R. Civ.P. 54(b), the court directed the entry of final judgment on Count I and plaintiff filed the present appeal.

█ Plaintiff attacks first the basis for the Board's authority to remove him as police chief. He argues that provisions of the Charter of the Town of Camden provide that the personnel board, not the Board of Selectmen, had sole authority to investigate and order dismissal. We disagree.

Camden's town charter expressly provides for the Board of Selectmen to appoint the police chief. Charter of Town of Camden, Art. II, § 4(e). The authority for this appointment power was established by legislation that states: *"Unless otherwise provided* by municipal ordinance, the [town] manager shall appoint, supervise and control all town officials...."* 30 M.R. S.A. § 2317(1)(F) (1978) (emphasis added).[2] In Camden, the town charter has clearly

---

1. 30 M.R.S.A. § 2361 was repealed by P.L.1987, ch. 737 (effective March 1, 1989) and replaced by 30-A M.R.S.A. § 2671 (Supp.1989). Both statutes provide that police officers "may be removed for cause after notice and hearing." *30 M.R.S.A. § 2361(1); 30-A M.R.S.A. § 2671(1).*

2. 30 M.R.S.A. § 2317 was repealed by P.L.1987, ch. 737 (effective March 1, 1989) and replaced by 30-A M.R.S.A. § 2636 (Supp.1989). Both statutes provide that, "[u]nless otherwise provided by town ordinance," the town manager "shall appoint, supervise and control all town officials...."* 30 M.R.S.A. § 2317(1)(F); 30-A M.R. S.A. § 2636(6).

"provided otherwise;" the Board of Selectmen has the authority to appoint the police chief, and, on March 21, 1988, the Board appointed plaintiff. Because the Board of Selectmen had the authority to appoint plaintiff, it follows that it also had the authority to remove him from office. *See Cafeteria and Restaurant Workers Union v. McElroy*, 367 U.S. 886, 896, 81 S.Ct. 1743, 1749, 6 L.Ed.2d 1230 (1961) ("It has become a settled principle that government employment, in the absence of legislation, can be revoked at the will of the appointing officer."); *In re Hennen*, 38 U.S. (13 Pet.) 230, 259, 10 L.Ed. 138 (1839) ("In the absence of all constitutional provisions, or statutory regulation, it would seem to be a sound and necessary rule to consider the power of removal as incident to the power of appointment."); *Kalaris v. Donovan*, 697 F.2d 376, 389 (D.C.Cir.1983) ("The general and long-standing rule is that, in the face of statutory silence, the power of removal presumptively is incident to the power of appointment."); *Whalen v. City of Holyoke*, 13 Mass.App.Ct. 446, 454, 434 N.E.2d 650, 655 (1982) (Even when "the city charter is silent as to the power to terminate ... the 'power to remove ... is an incident to the power to appoint.'") (citations omitted). Thus, the Superior Court did not err in determining that the Board of Selectmen was the appropriate body to hold plaintiff's termination hearing.

■ Plaintiff also contends that the Superior Court erred in denying his motion for trial of the facts in which he sought to depose Board members in an attempt to establish their bias and predisposition against him. Our procedural rules require a party to file with a motion for trial of the facts "a detailed statement, in the nature of an offer of proof, of the evidence that the party intends to introduce at trial." M.R.Civ.P. 80B(d). That statement must be "sufficient to permit the court to make a proper determination as to whether any trial of the facts as presented in the motion and offer of proof is appropriate under this rule and if so to what extent." *Id.* Plaintiff failed to provide such a detailed statement and offered nothing more than vague allegations.

A *"prima facie* showing of misconduct" is required before plaintiff is "permitted to inquire into the mental processes of an administrative decisionmaker." *Frye v. Town of Cumberland*, 464 A.2d 195, 200 (Me.1983). In relying on vague, unsubstantiated allegations of bias and predisposition, plaintiff failed to make a sufficient showing to warrant an inquiry into the mental processes of the Board members and failed to demonstrate that the Board was predisposed against plaintiff.

■ Plaintiff also asserts that the factual findings of the Board were not supported by competent evidence. In applying the "substantial evidence" standard of review to the decision of the Board of Selectmen acting as a quasi-judicial tribunal,

> the reviewing court must examine the entire record "to determine whether on the basis of all the testimony and exhibits before the [board] it could fairly and reasonably find the facts as it did." The fact that the record contains inconsistent evidence or that inconsistent conclusions could be drawn from the record does not prevent the [board's] findings from being sustained if there is substantial evidence to support them.

*Seven Islands Land Co. v. Maine Land Use Regulation Comm.*, 450 A.2d 475, 479 (Me.1982) (quoting *In re Maine Clean Fuels, Inc.*, 310 A.2d 736, 741 (Me.1973)); *see also Chapman v. City of Rockland*, 524 A.2d 46, 47 (Me.1987). "[T]he burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency," and we will not substitute our judgment for the Board's "where there may be a reasonable difference of opinion." *Seven Islands Land Co. v. Maine Land Use Regulation Comm.*, 450 A.2d at 479.

The Board of Selectmen found against plaintiff in six areas involving specific and discrete incidents described as follows:

1. rude and disrespectful to members of the public;

2. inability to supervise police officers;

3. conduct at Samoset Hotel towards a cocktail waitress;

4. attempting to intimidate a witness;

5. allowing a private citizen to listen to a tape recording of an arrest; and

6. use of excessive force against a person of limited mental capacity.

Although there are inconsistencies in the record resulting from different perceptions or reports of the incidents, we find that there is substantial credible evidence in the record supporting each of the findings and the conclusion that such conduct affected the plaintiff's ability and fitness to perform his duties as police chief. Plaintiff's remaining contentions on appeal are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concur.