STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
LINCOLN, ss.                            DOCKET NO. AP-04-004
                                        DHM - LIN - 12/10/2004


THE ROBERT M. MacNAMARA
FOUNDATION,

            Plaintiff            RECEIVED AND FILED
                            LINCOLN COUNTY SUPERIOR COURT          DEC 27 2004

      v.                         DEC 10 2004  DECISION AND ORDER

TOWN OF WESTPORT ISLAND,          SHARON SIMPSON
et al.,                                CLERK

            Defendants


     This M.R. Civ. P. 80B matter is before the court on five motions: plaintiff's

motion for trial, defendants' motion to dismiss, plaintiff's motion for extension of time

to file record, plaintiff's motion to amend request for trial, and plaintiff's amended

motion for trial.

     This case concerns a dispute concerning denial, by defendant Town of Westport,

of an Application for Exemption from Local Property Taxation, sought pursuant to

36 M.R.S.A. § 652(1)(A) by plaintiff MacNamara Foundation ("Foundation") of a 2.5

acre property and three story residence on Westport Island that fronts on the Sheepscot

River and is backed by a tidal, saltwater marsh.

     Plaintiff asserts that the property will be used for hosting mid-career artists in

four to six week residency programs on the island that provides them with "time and

resources for self-exploration, problem solving and focused professional growth," for

no fee to the artists. The Foundation, established in Nevada as a 501(c)(3) organization,

provided free accommodations to sixteen national and international artists in 2002 and

twenty-six such artists in 2003.

Plaintiff submitted an "Application for Exemption From Local Property Taxation" with the Assessors of the Town of Westport dated October 10, 2003.

Assessors discussed aspects of the application in numerous meetings from October 2003 until they voted to deny plaintiff's application on March 10, 2004. The assessors found that the foundation was not a Maine corporation, that the residence was a "private home which will only be open to their invited guests," that there is no significant public benefit offered by the foundation and it is not operating the site exclusively for benevolent or charitable purposes and that the foundation does not operate the site to provide a service that would otherwise have to be funded by taxpayers.[1]

Pursuant to M.R. Civ. P. 80B plaintiff filed a timely complaint with this court on April 2, 2004, and filed a motion to amend that complaint on April 9, 2004.[2] No opposition to this motion was filed.

Whether to allow a pleading amendment rests with the court's sound discretion. *Kelly v. Michaud's Ins. Agency, Inc.,* 651 A.2d 345, 347 (Me. 1994) (citing *Diversified Foods, Inc. v. First Nat'l Bank of Boston,* 605 A.2d 609, 616 (Me. 1992)).

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." M. R. Civ. P. 15(a). This mandate means that if the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice. *John W. Goodwin, Inc. v. Fox,* 642 A.2d 1339, 1340 (Me. 1994), citing *Diversified Foods, Inc. v. First Nat'l Bank of Boston,* 605 A.2d 609, 616 (Me. 1992) (citation omitted). To overturn a denial of leave to amend, the appealing party "must demonstrate a clear and manifest

---

[1] A copy of this decision was filed by defendant along with its April 22, 2004 motions. The record in this matter does not appear to contain a copy of this decision. The record is in three volumes with consecutively numbered pages but no index or table of contents.

[2] This motion was accompanied by a draft order but did not contain the "twenty one day notice" required by M.R. Civ. P. 7(b)(1)(B).

abuse of . . . discretion and must demonstrate granting such motion is necessary to prevent injustice." *Miller v. Szelenyi,* 546 A.2d 1013, 1022 (Me. 1988) (citation omitted); see FIELD, MCKUSICK & WROTH, 1 *Maine Civil Practice* § 15.4 (2d ed. 1970 & Supp. 1981).

If the party filing the motion to amend is not acting in bad faith or for delay, the motion should be granted in the absence of undue prejudice. *Chrysler Corp. v. L/A Auto Sales,* 1998 ME 53, ¶ 15, 707 A.2d 1311, 1315.

This motion, filed one week after the original complaint, has not been opposed by defendants. The amended complaint, according to plaintiff addresses changes made by assessors in the written findings of fact that came to plaintiff counsel's attention after his vacation. The motion will be granted.

The first motion, filed on April 2, 2004,[3] requests a trial of facts on the sole issue of bias of the Selectmen – specifically the question of whether the Selectmen made their decision prior to the public hearing.

> The purpose of Rule 80B(d) is to allow the parties to an appeal of a governmental action to augment the record presented to the reviewing court with those facts relevant to the court's appellate review of agency action. Rule 80B(d) is not intended to allow the reviewing court to retry the facts that were presented to the governmental decision-maker, nor does it apply to any independent civil claims contained in the complaint. Rather, it is intended to allow the reviewing court to obtain facts not in the record that are necessary to the appeal before the court.

*Baker's Table, Inc. v. City of Portland,* 2000 ME 7, ¶ 9, 743 A.2d 237, 240.

Plaintiff alleges that the First Selectman phoned an attorney and asked him to write up a decision against plaintiff before the meeting was held.[4]

On April 22, 2004, defendants filed timely opposition to this motion arguing that this motion should be denied for two reasons. First, plaintiff had failed to timely file a

---

[3] This motion did was accompanied by a draft order but did not contain the "twenty one day notice" required by M.R. Civ. P. 7(b)(1)(B).

[4] Defendant does not deny this took place.

record pursuant to M.R. Civ. P. 80B(e) and second that a *"prima facie* showing of misconduct is required before plaintiff is permitted to inquire into the mental processes of an administrative decisionmaker." Quoting, *Ryan v. Town of Camden,* 582 A.2d 973, 975 (Me. 1990).

On May 7, 2004, plaintiff filed an Amended Motion for Trial[5] wherein more detail of the phone call to the wrong attorney (attorney Vianiotis, the attorney for the Barrretts, and the foundation) seeking a written decision for the board before the public hearing and stating that an adequate record does not exist for trial.

As to defendants' second objection, the plaintiff's failure to timely file a record, this matter is addressed in plaintiff's opposition to defendants' motion to dismiss. Basically, plaintiff avers that it did not receive the record from defendants, despite discussions prior to briefing deadlines and, in fact, received the record itself from defendants four days after it was required to file it. Plaintiff avers the record is still incomplete.

Regarding defendants' first objection, inquiry into the mental processes of the decisionmakers, plaintiff has pointed to evidence of preparation to vote a certain way by members of the board but that alone is insufficient to show misconduct. "[T]here is no prohibition on a hearing officer reviewing documents in advance and preparing memos of potential findings and issues to assist the officer or the Board in consideration of matters that may arise at the hearing." *Turbat Creek Preservation, LLC v. Town of Kennebunkport,* 2000 ME 109, ¶ 9, 753 A.2d 489, 491.

Plaintiff points to other irregularities in the Selectmen's deliberations, including hearings that were not advertised, documents appearing in the record which plaintiff was not advised of or copied, and consideration of evidence that was not presented at

---

[5] This motion contained a draft order, a memorandum of law and a 21-day notice.

any public hearing. At the very least, these allegations, if substantiated, would support a *prima facie* finding of *ex parte* communication.

The Maine procedural rules "require a party to file with a motion for trial of the facts 'a detailed statement, in the nature of an offer of proof, of the evidence that the party intends to introduce at trial.' That statement must be 'sufficient to permit the court to make a proper determination as to whether any trial of the facts as presented in the motion and offer of proof is appropriate under this rule and if so to what extent.'" *Ryan v. Town of Camden,* 582 A.2d 973 (Me. 1990). Furthermore, a "prima facie showing of misconduct" is required before plaintiff is "permitted to inquire into the mental processes of an administrative decisionmaker." *Ryan v. Town of Camden,* 582 at 975, citing *Frye v. Town of Cumberland,* 464 A.2d 1995 (Me. 1983). The details provided in plaintiff's amended motion for trial, while marginal, do provide some prima facie suggestion of available relevant evidence. Given the insufficient record and the averments of significant irregularity in the process, a trial of the facts will aid this court significantly. The court will granted defendants' amended motion for trial.

Plaintiff filed this motion for retroactive extension of time to file the record in this matter on May 7, 2004. Pursuant to the workings of M.R. Civ. P. 80B(e) the record was due at the same time or before plaintiff's brief due April 14, 2003. Plaintiff asserts that it did not receive the record from defendants until four days after it was due. Plaintiff admits it possessed a small percentage of the record but the vast majority was in the custody of defendants.

Defendants filed timely opposition to this motion pointing out that the record was due two months earlier.[6] Defendants reject plaintiff's complaints concerning custody of the record asserting that the record was available at Town Hall and noting

---

[6] Plaintiff actually filed the record with this court the day before, on May 27, 2004.

that defendants sent the record to plaintiff the day after it was requested. Defendants also state that it has repeatedly requested a copy of the record, as filed, from plaintiff and that there is a dispute about the content of the record as filed.

M.R. Civ. P. 80B(e) anticipates some level of cooperation, certainly a higher level than is apparent in this matter, between the parties in preparation of the record. M.R. Civ. P. 80B(e) states in relevant part:

> The parties shall meet in advance of the time for filing the plaintiff's brief to agree on the record to be submitted. Where agreement cannot be reached, any dispute as to the record shall be submitted to the court. The record shall include the application or other documents that initiated the agency proceedings and the decision and findings of fact that are appealed from, and the record may include any other documents or evidence before the governmental agency and a transcript or other record of any hearings.

Arrangements for compilation, and agreement as to completeness is the job of the parties. That job has obviously not been accomplished here (there is, for example, no copy of the decision under review in the record). Unless counsel are prepared to be subject to sanctions, any remaining issues with regard to the completeness of the record must be resolved immediately.[7]

Defendants filed a motion to dismiss in conjunction with their opposition to plaintiff's motion for trial of the facts. Plaintiff filed timely opposition. Defendants' argument is that this 80B complaint should be dismissed for want of prosecution pursuant to M.R. Civ. P. 80B(e) because plaintiff had, as of April 22, 2004, failed to file the record. As noted above, the record was eventually filed over one month later. Also as noted above, both parties blame this failure on each other.

---

[7] To some extent in a case such as this, the record is under control of the defendant's counsel. On the other hand, most, if not all, of the record should be a matter of public record. For two counsel to fail to have the capability to agree on the record to be put before the court is inexcusable. The standard is the same for both parties, the record must contain all matters relevant and pertinent to the matter before the court consistent with the nature of the process being reviewed.

In addition to moving to dismiss the 80B complaint entirely, defendants moved, in the alternate, to have Selectmen Richardson and Lee dismissed as defendants. Defendants cite a 1981 Law Court ruling in a tax abatement case *Shawmut Inn v. Kennebunkport*, 428 A.2d 384 (Me. 1981).

> The taxpayer and the municipality are the proper adversaries in tax abatement proceedings in the courts. *Assessors, Town of Bristol v. Eldridge*, Me., 392 A.2d 37, 39-40 (1978). M.R.Civ. P. 80B requires notice to any administrative agency whose decision is being reviewed in the courts but, absent some statutory provision to the contrary, this requirement of notice does not make the agency a party to the proceeding in Superior Court.

*Id.* at 388-89.

Plaintiff objects to dismissal of the Selectmen/assessors because it is concerned that pursuant to M.R. Civ. P. 80B(a) action of "any department, board, commission or officer" is properly under review and "failure to name the actual entity issuing the ruling would subject plaintiff to a motion to dismiss.

Plaintiff has named the Town of Westport, the actual entity issuing the ruling, and therefore Selectmen Richardson and Lee must be dismissed.

The entry will be:

> Plaintiff's motion to amend complaint is GRANTED; plaintiff's motion to amend request for trial is GRANTED; plaintiff's amended motion for trial is GRANTED; plaintiff's motion for trial is moot and therefore DISMISSED; plaintiff's motion for extension of time to file the record is GRANTED; defendants' motion to dismiss Town of Westport is DENIED; defendants' motion to dismiss defendant George Richardson, Jr. and Reginald Lee, individually or as tax assessors, is GRANTED; judgment for George Richardson, Jr. and Reginald Lee.

Dated: December ___5___, 2004

Donald H. Marden
Justice, Superior Court

**Plaintiff:**
**Richard W. Elliott, II, Esquire**

**Defendants:**
**Christopher S. Neagle, Esquire**