STATE OF MAINE
OXFORD, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-004



DARREN TRIPP,
    Petitioner

    v.

TOWN OF BETHEL,
    Respondent

DECISION AND ORDER

RECEIVED AND FILED
JUN - 3 2005
Donna L. Hows
CLERK OF COURTS

AUG 1

## I. STATUS OF THE CASE

Petitioner Darren Tripp was the Chief of Police for the Town of Bethel. He has filed this appeal and request for a trial of the facts pursuant to M.R.Civ.P. 80(B) after he was fired by the town manager and his dismissal was approved by the selectmen for the Bethel.

## II. BACKGROUND

The record establishes the following facts.

On December 2, 2003 an armed robbery occurred in the Town of Bethel at approximately 1:45 PM. Between 1:48 and 2:00 the police dispatcher attempted ten times to contact police chief Darren Trip by phone, cell phone, and pager. On the eleventh attempt, contact was made with Tripp through the town office. Tripp and another officer stated that the phone in their office never rang; however, two town employees indicated they did hear the phone in the police department office ring. Although there is a dispute as to whether the phone was working, Tripp did use the phone to make an outgoing call to respond to dispatch.

Town manager Scott Cole wrote to Tripp on January 5, 2004 regarding this incident and Tripp responded by letter on January 16, 2004. Cole wrote again on

January 28, 2004 and Tripp responded on February 2, 2004. On February 12, 2004, Cole wrote to Tripp terminating his employment, citing Tripp's failure to maintain contact with dispatch thereby delaying response to an emergency. Articulated in the letter was Cole's belief that the phone did ring on December 2nd. In his defense, Tripp cited correspondence with a phone company repairman, who found, on December 31, 2003, that the office answering machine was interfering with the phone.

Tripp appealed his dismissal to Bethel's Board of Selectmen. After a hearing, during which both sides presented witnesses and evidence and Tripp testified, the Board of Selectmen made Findings of Fact: One finding stated that the Selectmen believed that that the two town employees did hear the phone ring and that it was more probable than not that the phone did ring; another finding dealt with the two letters from the phone repairman, both dated January 12, 2004. The first letter stated that problems with answering machines could be intermittent and could cause problems for up to a week before causing no dial tone; the second letter said that the problems could be caused for up to a week "or more."

Tripp admitted asking the repairman to change the wording of the first letter, but he maintained that he asked the repairman to do so only to more accurately reflect a conversation between the two in which the repairman stated that cheap answering machines could cause intermittent problems. The selectmen found the first letter (the one without the "or more") to be more correct than the second and based their deliberations on that letter. Weighing in favor of the first letter was the fact that the phone company approved it. After the phone company discovered that the letter was changed, it withdrew its opinion in total and refused to allow the repairman to testify at the termination hearing.

During the termination hearing, there was discussion regarding another lawsuit between the petitioner and the town. [1] This suit was still active when petitioner was involved in his termination hearing before the selectmen. The selectmen heard testimony from both sides on March 9, 2004 and promulgated their findings of fact on March 11, 2004. The Selectmen upheld the town manager's decision to terminate Tripp by a 3-2 vote.

### III. PETITIONER'S CLAIMS

Tripp alleges that he was denied procedural due process in his termination hearing. He alleges bias, that there was not a proper record, and that there were potential ex parte communications. Tripp also alleges he was injured when the selectmen choose to believe the first letter from the phone company and because the repairman did not testify as to why the letter was changed. The Town of Bethel argues that the selectmen properly came to their decision based on Tripp's unavailability to respond to the emergency, and the implication arising from Tripp's request to the repairman to change the opinion letter.

As part of his appeal Tripp has asked for a separate trial of the facts before the court.

---

[1] In 2002 the town manager asked petitioner to dismiss a ticket. Petitioner refused and informed the local district attorney. In February 2003, petitioner learned that the town manager was compiling complaints regarding him. Petitioner responded by playing a recording of the conversation regarding the summons to several selectmen. In March 2003 Cole suspended Tripp and offered him two months salary to resign. Tripp hired an attorney and incurred $7,000 in legal fees defending his job performance. In April, Tripp returned to duty. The selectmen indicated that the town would not reimburse Tripp for his legal fees. In September 2003, Tripp filed suit with the Maine Human Rights Commission alleging retaliatory actions by the town manager.

## IV. DISCUSSION

### A. Motion for Trial of the Facts, M.R.Civ.P. 80B(d).

Under Rule 80B(d), "[i]f the court finds on motion that a party to a review of governmental action is entitled to a trial of the facts, the court shall order a trial to permit the introduction of evidence that does not appear in the record of governmental action and is not stipulated." M.R. Civ. P. 80B(d).

"The purpose of Rule 80B(d) is to allow the parties to an appeal of a governmental action to augment the record presented to the reviewing court with those facts relevant to the court's appellate review of agency action." *Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶9, 743 A.2d 237, 240.

> Rule 80B(d) is not intended to allow the reviewing court to retry the facts that were presented to the governmental decisionmaker, nor does it apply to any independent civil claims contained in the complaint. Rather, it is intended to allow the reviewing court to obtain facts *not in the record* that are necessary to the appeal before the court. . . . For example, the complainant may augment the record if there are claims of ex parte communication or bias alleged, *with sufficient particularity*, to have had an effect on the fairness of the governmental proceedings, . . .

*Baker's Table*, 2000 ME 7, ¶9, 743 A.2d at 240-41 (internal citations and notes omitted) (first emphasis in original, second added); *see also, White v. Town of Hollis*, 589 A.2d 46, 48 (Me. 1991) (Rule 80B(d) motion was properly denied because petitioner was not entitled to relief as a matter of law); *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990) ("vague allegations" of bias insufficient); and, *Carl L. Cutler Co. v. State Purchasing Agent*, 472 A.2d 913, 918 (Me. 1984) ("bare allegation" of "social friendship" insufficient). In addition, "[a] prima facie showing of misconduct is required before plaintiff is permitted to inquire into the mental processes of an administrative decision maker." *Ryan*, 582 A.2d at 975 (internal quotations omitted). The court cannot allow a trial of the facts based on "vague, unsubstantiated allegations of bias and predisposition." *Id.*

4

In this case Tripp argues that he should be allowed to have a trial on the facts because he has made a prima facie case of bias and in order to introduce evidence that does not appear in the record. To support this argument, he points to the fact that his other lawsuit against the city was mentioned at the hearing and during the selectmen's deliberations. Furthermore, Geoffrey Hole, Esq., the town's attorney, represented town manager Cole at the hearing; while at the same time, according to Tripp, advising the selectmen regarding the termination hearing.

Tripp points to two opinion letters from March 2004 that Hole wrote to the selectmen regarding Tripp's termination. The letters, however, are dated after the selectmen had decided to terminate Tripp, but before publication of the Findings of Fact. Tripp does not accuse Hole of impropriety, but alleges that Hole's presence violated the proceeding's fundamental fairness and that the Selectmen's continued reliance on Hole "infers" undue bias.

The town responds that everyone (including Tripp's counsel) knew that Hole was the town lawyer and had been for years, that the selectmen had independent counsel during the hearing, and that if Tripp was uncomfortable with the arrangement, he could have objected at the hearing and not raise it for the first time on appeal.

Separate counsel hired for the termination hearing gave the selectmen a memorandum on how the process should work and independently advised the selectmen as they deliberated. Tripp's counsel did object to the inclusion of the suspension and lawsuit in the evidence considered by the selectmen, but the attorney advising the selectmen correctly stated that Tripp's counsel opened the door with his cross examination of Cole. Tripp's counsel first mentioned the lawsuit when he asked the town manager if that was the reason he terminated Tripp. The town also argues

that there are not any facts outside the record that this court would need to determine if the termination hearing prejudiced Tripp.

Tripp alleges by having to appeal his termination to the Board of Selectmen, who were his opponents in another matter, he was deprived of a fair and impartial hearing. It is unclear what other way Tripp could have disputed his suspension.

The petitioner points to comments by selectmen regarding the prior lawsuit, although several mentioned the March 2003 suspension and lawsuit together. While Tripp alleges that he was terminated in part based on his other lawsuit, he could also have been terminated in part based in his earlier suspension.

Tripp argues that a trial on the facts before this court (with its subpoena power) would allow the phone repairman to testify regarding the conversations that led to the first and second opinion letters. He believes that the town manager convinced the phone company to prevent the repairman's testimony at the hearing and if the repairman were to testify, he would state that answering machines can cause intermittent problems for more than a week, that he changed the letter to reflect that, and that he did not feel pressured to do so. Tripp does not address the fact that the repairman might testify that he did feel pressure when asked by the chief of police to change an opinion letter that impacted the chief's job performance.

The town argues that regardless of the testimony of the repairman, the fact that Tripp asked for the second letter (to explain his lack of response on December 2nd) was what created a cause of concern for the selectmen. Though Tripp alleges that the repairman's testimony is necessary, the selectmen heard testimony from the town manger and Tripp, saw the letters, and read the e-mails regarding the change in wording. It was the implication of impropriety and how that reflected on Tripp that most concerned the selectmen.

For this court to hold a trial of the facts in this case, it would have to find that Tripp made a sufficient prima facie showing of bias, that there were facts not on the record that need development in discovery, and that there were ex parte communications. Plaintiff alleges only that there are "potential" ex parte communications. The letters that Tripp points to were written after the selectmen made the decision to terminate him.

The petitioner further alleges that a proper record was not made. The record in this case consists of transcripts of both hearings before the selectmen, the correspondence between petitioner and the town manager, the correspondence between the town manger and the phone company, and the Findings of Fact. What is not in the record is the phone repairman's testimony as to the conversation regarding the answering machine, the conversation regarding the change in the letter, and the explanation for the change. Although Tripp alleges that this testimony will explain why he did not answer the phone on December 2nd, the implication made by Tripp's request to the repairman to change the letter weighs substantially against his credibility. It is unlikely whether any additional testimony would have (or could) overcome that implication. The issue of credibility is solely within the role of selectmen as fact-finders.

In reviewing the decision of the Board of Selectmen, this court must examine the entire record in order to determine whether, based on the testimony and evidence before the board, they could have fairly and reasonably found as they did. *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990). In this case, the burden of proof rests with the petitioner. This court cannot substitute its own judgment, especially as to issues of credibility, where there may be a reasonable difference of opinion based on the evidence. *Id.* In reviewing the termination proceedings, the 3 – 2 decision clearly indicates there was a difference of opinion.

7

In his reply brief, the petitioner discusses the timing of events on December 2nd and compares the timeline taken from the dispatch records with what the town employees remember. Tripp finds several inconsistencies and alleges the selectmen disregarded the dispatch supervisor's testimony and accorded too much weight to the "remembered evidence" of the town employees. He further argues that the logs should have been afforded more credibility. During their deliberations the selectmen did discuss how much weight to give the logs, considering some notes were written in after the fact (based on what was heard on the radio). The selectmen were wary of giving too much weight to what was written in and did discuss the credibility of Tripp and the town employees regarding the ringing of the telephone.

While Tripp argues that this court should determine whether the logs represent all communication during the twelve minutes in question and disregard the town employees' memories, there is sufficient evidence and testimony in the record to explain why the selectmen came to their conclusion.

After reviewing the record as it exists, Tripp has not made a sufficient showing "to inquire into the mental processes of an administrative decision maker." *Ryan v. Town of Camden*, 582 A.2d at 975 (quoting *Frye v. Town of Cumberland*, 464 A.2d 195, 200 (Me. 1983)). The present record contains testimony from both sides of a lengthy hearing process, as well as the selectmen's deliberations and their justification for upholding Tripp's termination. There is substantial evidence to justify why the selectmen found as they did. There is no valid reason to have a trial for any further evidence.

## B. Appeal of Administrative Action, M.R.Civ.P. 80B.

Reasons advanced by the petitioner to support his request for a trial of the facts also form the basis for his appeal of his dismissal: Denial of due process; failure of the

8

town to permit the making of a proper record; conflict of interest by town's long standing attorney representing the town manager at the hearing; and, bias in considering petitioner's other suit against the town. All of these issues were discussed with respect to petitioner's request for a trial. The decisions thereon are equally applicable to the appeal itself.

Both parties agree that the central issue to Tripp's dismissal was whether or not the telephone actually rang in his office. This is clearly a matter of credibility, solely within the province of the fact finder. This court cannot substitute its opinion and must accept the selectmen's decision unless there is no evidence to support it; and there is. The board chose to believe the other town employees that they heard the phone ring.

As to the exclusion of the second letter from Oxford Networks, the court finds that it adds little, if anything, and would not change any result even if considered fully. The letter addresses technical problems with the police department answering machine; that it interfered with the dial tone. There is no suggestion that the dial tone interference on December 31st prevented the telephone from ringing to signal an in-coming call several weeks previous on December 2nd. Coulombe's second letter (Record #10) "that these kinds of troubles with electronic equipment such as answering machines can cause *intermittent* problems *up to a week or more* prior to a complete no dial tone" (emphasis added) portends to deal with a situation more than four weeks previous and only creates speculation. It is also established that when Tripp was finally notified of the robbery, he was able to immediately make a call out, indicating that there was no problem with dialing out at that time on December 2nd.

No person, other than those who testified at the hearing have any direct knowledge as to what happened at the time in question. The selectmen had all the information needed to make a decision. The record is sufficient to uphold their action.

9

Petitioner's counsel argues in his brief that "[a]fter the hearing was concluded, it was discovered" that Geoffrey Hole had acted as the town's attorney for many years and they continued to seek his advice here even though he was acting as counsel for the town manager. The record shows that both Chief Tripp and his attorney were aware of Mr. Hole's long-term representation of the Town of Bethel.[2] As noted above, no objection was voiced at the hearing or any other time before this appeal.

The court agrees with the town, that the allegations of bias against Tripp due to the other lawsuit are "vague" and "bare" and are insufficient to affect the board's decision. *See Baker's Table, supra.*

## V. DECISION

The clerk will make the following entry as the decision and Order of the court:

A. Petitioner's Motion for a Trial of the Facts is DENIED.

B. The decision of the Board of Selectmen to dismiss petitioner Darren Tripp is AFFIRMED.

SO ORDERED.

Dated: ~~May 31, 2005~~ June 1, 2005

Thomas E. Delahanty II
Justice, Superior Court

---

[2] The court is personally aware that Mr. Hole has appeared in open court for the Town of Bethel and other municipalities in Oxford County as counsel of record in a number of proceedings over the better part of two decades.

RICHARD CALCAGNI  - PLAINTIFF
BOX 265
WINTHROP ME 04364
A   :ney for: RICHARD CALCAGNI

FARRIS FOLEY & DICK
88 WINTHROP STREET
AUGUSTA ME 04330


vs
RICH RYAN  - DEFENDANT
19 SOUTH MAIN STREET
MECHANIC FALLS ME 04256
MARY RYAN  - DEFENDANT
19 SOUTH MAIN STREET
MECHANIC FALLS ME 04256
Attorney for: MARY RYAN
E CHRISTOPHER L'HOMMEDIEU  - RETAINED
L'HOMMEDIEU LAW OFFICE
PARKVIEW OFFICES
54 PINE STREET
LEWISTON ME 04240

DISTRICT COURT
AUGUSTA
Docket No  AUGDC-CV-2002-00051


**DOCKET RECORD**


Filing Document: COMPLAINT                    Minor Case Type: UNFAIR TRADE PRACTICES
Filing Date: 03/11/2002

## D  ket Events:
0  ,  1/2002 FILING DOCUMENT - COMPLAINT FILED ON 03/11/2002

03/11/2002 Party(s):  RICHARD CALCAGNI
          ATTORNEY - RETAINED ENTERED ON 03/11/2002
          Plaintiff's Attorney: RICHARD FOLEY

03/11/2002 Party(s):  RICHARD CALCAGNI
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 03/11/2002

03/13/2002 Party(s):  RICH RYAN
          RESPONSIVE PLEADING - ANSWER FILED ON 03/11/2002

04/16/2002 Party(s):  RICHARD CALCAGNI
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 04/16/2002
          Defendant's Attorney: RICHARD FOLEY
          MARY RYAN

05/01/2002 Party(s):  RICH RYAN
          RESPONSIVE PLEADING - ANSWER FILED ON 05/01/2002
          RICH RYAN PRO SE

05/01/2002 Party(s):  MARY RYAN
          RESPONSIVE PLEADING - ANSWER FILED ON 05/01/2002
          PRO SE MARY RICH

0   ./2002 HEARING - PRETRIAL/STATUS SCHEDULED FOR 10/02/2002 @ 2:00
          NOTICE TO PARTIES/COUNSEL