STATE OF MAINE                                         SUPERIOR COURT
CUMBERLAND, ss.                                        CIVIL ACTION
                                                       Docket No. CV-07-452
                                                       TDW-CUM-11/29/2007

SEBAGO-LONG LAKE
WATERWAY MARINA INC.,

        Plaintiff,

    v.                                                 ORDER

TOWN OF NAPLES, et al,

        Defendants.


        Before the court is a motion by plaintiff Sebago-Long Lake Waterway Marina Inc.
(the "Marina") for a preliminary injunction restraining any further proceedings by the
Town of Naples Planning Board with respect to the Marina's application for a building
permit to construct two boat storage facilities.

        At a conference on September 28, 2007 the parties agreed that the Marina's
application for a preliminary injunction would be consolidated with its request for a
permanent injunction, and that the court would attempt to call the case in for a hearing
before the end of November. Upon further review of plaintiff's moving papers, the
respective submissions of the parties in connection with plaintiff's motion, and the Law
Court's decision in Adelman v. Town of Baldwin, 2000 ME 91, 750 A.2d 577, the court
determines that on this record, motions for a preliminary and permanent injunction
should be denied and that a hearing is not necessary.

        This is a highly unusual action. Invoking the provisions of 30-A M.R.S. § 2605,
the Marina has filed this action accompanied by a petition of 11 residents of Naples
stating that they do not believe Daniel Craffey, the owner and operator of

Mooselanding Marina in Naples,[1] would receive a fair and impartial hearing from the Naples Planning Board and requesting this court to restrain any further proceedings by the current members of the Planning Board on plaintiff's permit application.

30-A M.R.S. §§ 2605(1)-(4) provide in pertinent part as follows:

### § 2605. Conflicts of interest

Certain proceedings of municipalities, counties and quasi-municipal corporations and their officers are voidable and actionable according to the following provisions.

**1. Voting.** The vote of a body is voidable when any official in an official position votes on any question in which that official has a direct or an indirect pecuniary interest.

**2. Contracts.** A contract, other than a contract obtained through properly advertised bid procedures, made by a municipality, county or quasi-municipal corporation during the term of an official of a body of the municipality, county or quasi-municipal corporation involved in the negotiation or award of the contract who has a direct or an indirect pecuniary interest in it is voidable, except as provided in subsection 4.

**3. Restrain proceedings.** The Superior Court may restrain proceedings in violation of this section on the application of at least 10 residents of the municipality, county or area served by the quasi-municipal corporation.

**4. Direct or indirect pecuniary interest.** In the absence of actual fraud, an official of a body of the municipality, county government or a quasi-municipal corporation involved in a question or in the negotiation or award of a contract is deemed to have a direct or indirect pecuniary interest in a question or in a contract where the official is an officer, director, partner, associate, employee or stockholder of a private corporation, business or other economic entity to which the question relates or with which the unit of municipal, county government or the quasi-municipal corporation contracts only where the official is directly or indirectly the owner of at least 10% of the stock of the private corporation or owns at least a 10% interest in the business or other economic entity.

---

[1] According to the affidavit of Daniel Craffey, Mooselanding Marina is a "d/b/a" of plaintiff Sebago-Long Lake Waterway Marina Inc. Craffey Aff. ¶ 3.

When an official is deemed to have a direct or indirect pecuniary interest, the vote on the question or the contract is not voidable and actionable if the official makes full disclosure of interest before any action is taken and if the official abstains from voting, from the negotiation or award of the contract and from otherwise attempting to influence a decision in which that official has an interest. The official's disclosure and a notice of abstention from taking part in a decision in which the official has an interest shall be recorded with the clerk or secretary of the municipal or county government or the quasi-municipal corporation.

On its face, this statute allows challenges to "the vote of a body" when any of the voting members of the body have a direct or indirect pecuniary interest. § 2605(1). A "body" is defined in 30-A M.R.S. § 2604(1) to include a board such as the planning board.

Under the statute, however, a vote is made voidable only when a voting member has a "direct or indirect pecuniary interest." § 2605(1). The statute further states that a member of a planning board is deemed to have a direct or indirect pecuniary interest in a question on contract where the official is an officer, director, associate, employee, or stockholder of a private corporation or other economic entity "to which the question relates," or with which the unit of municipal government contracts *only* where the official is directly or indirectly the owner of at least 10% of the stock of the private corporation or owns at least a 10% interest in the business or other economic entity" (emphasis added).

In this case plaintiff, in its complaint, originally challenged the impartiality of four members of the planning board: James Allen, Dan Allen (alternate member), Anthony Longley, and Kevin Rogers. Longley and Rogers, however, are not challenged based on any alleged direct or indirect pecuniary interest.

3

Instead, Longley is challenged because at one point he contacted Craffey about performing excavation work at the Marina and allegedly told Craffey that he was a member of the planning board and could facilitate any construction projects Craffey might have. Craffey did not use Longley for excavation work. Longley is also alleged to have demonstrated bias against Craffey and the Marina at a videotaped preliminary meeting of the planning board in connection with the Marina's current permit application and to have engaged in *ex parte* communications with Naples residents about the Marina's permit application.

Rogers is challenged because he allegedly demonstrated bias against Craffey at a previous Planning Board meeting (also videotaped) in connection with an unrelated application by Craffey for a two-lot subdivision (referred to as the Aubuchon store project).

These challenges to the impartiality of Longley and Rogers may or may not have merit, but they are not cognizable under 30-A M.R.S. § 2605, which is directed to pecuniary interests. Plaintiff argues that under § 2605(6), the court can nevertheless restrain further proceedings of the Planning Board based on the alleged bias of Longley and Rogers even though no direct or indirect pecuniary interest is alleged. Section 2605(6) provides as follows:

> Every municipal and county official shall <u>attempt</u> to avoid the appearance of a conflict of interest by disclosure or by abstention.

(emphasis added.)

First, this provision applies to conflicts of interest, which is not the same as bias. Plaintiff is alleging bias here. Second, the language of this provision is precatory, not mandatory ("shall attempt to"). While § 2605(6) is designed to provide guidance to municipal officials, that section does not allow a court to restrain the proceedings of

4

planning boards in advance. Only when there is a "violation" of § 2605 can a court restrain proceedings under § 2605(3), and such a violation requires a direct or indirect pecuniary interest.

This does not mean that a permit applicant is without a remedy in the case of bias or conflict of interest. If the Marina's permit application is denied by the Planning Board and if the Marina contends that certain voting members were impermissibly biased against it, the Marina can raise the alleged bias in a proceeding under Rule 80B and, with a sufficient showing, obtain a separate trial of the facts of the issue of bias. *See, e.g., Baker's Table Inc. v. City of Portland*, 2000 ME 7 ¶ 9, 743 A.2d 237, 241; *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990); *Gashgai v. Board of Registration in Medicine*, 390 A.2d 1080, 1084 n.6 (Me. 1978).

This does not resolve the case because the two other Planning Board members challenged by plaintiff in its original moving papers, James Allen and Dan Allen (alternate), are in fact alleged to have a direct or indirect pecuniary interest in plaintiff's application. Specifically, plaintiff's moving papers alleged that these two board members have a direct or indirect pecuniary interest because they are owners of other marinas which compete with plaintiff. By letter of August 14, 2007, however, counsel for plaintiff advised the court that his client is no longer challenging the participation of Dan Allen.

Whether plaintiff is entitled to relief, therefore, depends on whether James Allen's position as the owner of a competing marina[2] gives James Allen a direct or indirect pecuniary interest "in the question" before the Planning Board that would

---

[2] James Allen submitted an affidavit acknowledging that his marina and the plaintiff marina are competitors but stating that there are sufficient customers in Naples for multiple marinas to prosper. Allen's affidavit states that he believes he has always separated his personal business from planning board business and that he would review plaintiff's application on the merits.

entitled plaintiff to a restraining order from this court. This in turn depends on whether the statute is broadly or narrowly construed. Under a broad construction, any competitor of an applicant would have a direct or indirect pecuniary interest in the question. Under a narrow interpretation, only a board member owning at least 10% of the business seeking a permit would have a direct or indirect pecuniary interest in the question before the Planning Board. Upon examination of the statute and the relevant policy considerations, the court concludes that a narrow interpretation is called for and that the statute only applies if a voting official has a direct or indirect pecuniary interest in the specific business entity which is applying for a permit or in any business entity which is participating in the proceedings before the board.

The court reaches this conclusion for four reasons. First, this interpretation makes the disqualification for planning board issues congruent with the disqualification applicable to contracts. The latter applies to an official with a direct or indirect pecuniary interest in the business entity with which the municipality contracts. *See* 30-A M.R.S. § 2605(4). The most reasonable interpretation of § 2605, therefore, is that it is designed to provide a remedy for self-dealing by municipal or county officials. This would exclude a broader interpretation applicable to potential competitors.

Second, if the statue were broadly interpreted to apply to persons with a direct or indirect interest in potentially competing businesses, it would appear to be over-inclusive. For instance, although Dan Allen appears to be in the exact same position as James Allen (both are owners of marinas which are competitors of plaintiff), plaintiff has withdrawn its objection to Dan Allen. Under the statute, however, there should be no distinction between them – either both are covered or neither are covered.[3]

---

[3] The statute cannot be reasonably interpreted to permit plaintiff to pick and choose which board members should be disqualified.

6

Moreover, if any form of actual or potential competition is a disqualifying factor under § 2605, the boundaries of the statute are extremely problematic. For instance, if the owner of a restaurant is on a planning board, does this mean he or she is disqualified from all matters dealing with any restaurant? If a person owning rental property is on a planning board, is he or she disqualified from all matters relating to any rental unit?

Third, the remedy under the statute – restraining any further proceedings of a duly constituted agency of municipal government – represents a dramatic intrusion into land use decisions that are generally entrusted to local officials and citizens functioning in the context of democratic government at the municipal level. Such a usurpation of local authority should be limited to the most egregious of situations and argues for a narrow interpretation of the statute.[4]

Supporting this interpretation is the fact that unless the statute is construed narrowly, § 2605 could become an accepted mechanism whereby permit applicants in controversial cases attempt to circumvent local planning and appeals boards and the normal permit application process. Given that applicants such as the plaintiff marina have an existing remedy under Rule 80B (assuming that their permit applications are denied – which is not a foregone conclusion), courts should be wary of allowing applicants to subvert the permit process.

Finally, the Law Court's decision in *Adelman v. Town of Baldwin*, 2000 ME 91 ¶¶ 6-7, 750 A.2d at 581, strongly supports the proposition that – at least where a remedy under Rule 80B exists – parties contesting planning board decisions must proceed under Rule 80B rather than by bringing independent actions under 30-A M.R.S. § 2605.

---

[4] In this case, plaintiff is seeking the appointment of a referee to supplant the Planning Board in ruling on its permit application. Such a remedy is potentially available but only after a Planning Board has demonstrated that it cannot possibly afford the permit applicant a fair hearing. *See Mutton Hill Estates Inc. v. Town of Oakland*, 468 A.2d 989 (Me. 1983).

*Adelman* suggests that because plaintiff has an adequate remedy at law under Rule 80B, it may not seek preemptive injunctive relief in this action.

In reaching this result, the court specifically does not reach the merits of plaintiff's claims of conflict of interest and bias. Thus, even if James Allen does not have an automatically disqualifying interest for purposes of section 2605, it is possible that he may have a conflict of interest as the owner of a competing marina and that, if he does not disqualify himself, this conflict would entitle to plaintiff to relief under Rule 80B. This may depend upon such issues as the extent to which James Allen's business would be affected by the permit sought by plaintiff, which cannot be determined on the existing record. Similarly, the court has not viewed the videotape evidence that plaintiff contends supports its claim of bias on the part of Longley and Rogers and expresses no opinion as to whether plaintiff would be entitled to relief because of alleged bias on their part.[5] These issues may have to await an evidentiary hearing under Rule 80B(d), depending on whether any members of the planning board disqualify themselves and whether plaintiff's permit application is in fact denied.

The entry shall be:

Plaintiff's motions for a preliminary and permanent injunction are denied, without prejudice to any claims of bias or conflict of interest that may arise in a later proceeding for judicial review under Rule 80B. Because no other relief is sought in the complaint, the complaint is dismissed.

DATED:     November _29_, 2007

_____
Thomas D. Warren
Justice, Superior Court

---

[5] In the court's view, it would be particularly problematic if it were proven that Longley solicited excavation business while stating that he could be helpful on the planning board.

8

F COURTS
and County
Box 287
ine 04112-0287


DANA HANLEY ESQ
PO BOX 280
SOUTH PARIS ME 04281

*plaintiff*


F COURTS
and County
Box 287
ine 04112-0287


GEOFFREY HOLE ESQ
PO BOX 9729
PORTLAND ME 04104

*Defendant*