STATE OF MAINE                                   SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                     DOCKET NOS. AP-06-035
                                                          AP-06-036
                                              GAB-YOR- 1/14/2008

DAVID E. LANE, et al.,

            Plaintiffs

v.                              ORDER

TOWN OF ARUNDEL, et al.,
                                                  JAN 2 4 2008
            Defendants
                                                  LAW LIBRARY
                                               DONALD L. GARBRECHT

        Before the Court are the consolidated appeals of Plaintiff David E. Lane and

Plaintiff Troy Parker with respect to Defendant the Town of Arundel's June 2006

Selectman race.   Following hearing, Mr. Parker's appeal is Denied and Mr. Lane's

appeal is, effectively, moot.

                                **BACKGROUND**

        On or about June 13, 2006, Defendant the Town of Arundel (Town) held elections

for the office of Selectmen.  Two seats were open for which three candidates were on the

ballot (Plaintiff David E. Lane (Mr. Lane), Mark Paulin and Roland Drew).  Plaintiff

Troy Parker (Mr. Parker) was a write-in candidate and actively campaigned for a seat.

After tallying the votes, the Town declared Mark Paulin and Mr. Lane the winners of

the open Selectmen seats.  Mr. Parker challenges the outcome of the election and the

disposition of certain ballots.  Mr. Lane challenges the disposition of certain ballots

credited to Mr. Parker.   Specifically at issue for Mr. Parker are twenty-four votes

wherein voters wrote Mr. Parker's name on the ballot in the appropriate space, but

failed to check the voter indicator box. The Town deemed these votes invalid pursuant

to 21-A M.R.S.A. § 696(2)(D) and accordingly did not count the votes in Mr. Parker's favor. Also at issue are fourteen votes not credited to Mr. Parker that contained some variation of Mr. Parker's name. The Town did not credit these fourteen votes to Mr. Parker because they concluded that the partial names did not clearly indicate the voter's choice for Mr. Troy Parker. With respect to these fourteen votes, the voter indicator box was checked.

Should Mr. Parker prevail on the fourteen contested votes that contained a variation of his name, he would still have an insufficient number of votes to claim victory in the election. Accordingly, the validity of the twenty-four ballots that did not have a marked voter indicator box is determinative in the outcome of the Selectman race.

## DISCUSSION

### I.    Standard of Review

The Court reviews a local board's decision for error of law, abuse of discretion, or findings not supported by substantial evidence in the record. *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175. Substantial evidence is evidence that is sufficient for a board to have reasonably found the facts as it did. *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990). The burden of persuasion is on the party challenging a board's decision to show that the evidence compels a different result. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (1996). The Court must not substitute its judgment for that of a board on factual issues. *Id.* Questions of statutory construction are reviewed *de novo*. *State v. Pierce*, 2006 ME 75, ¶ 21, 899 A.2d 801, 805 (citations omitted).

2

## II. Twenty-Four Contested Ballots with Unmarked Voter Indicators

Mr. Parker asserts that the Town incorrectly failed to count, in his favor, the twenty-four ballots that, though the voters failed to check the voter indicator box, clearly stated his name as the write-in candidate. Mr. Parker's challenge is a question of law regarding the interpretation of a statute. Accordingly this Court reviews the Town's interpretation of the statute on a *de novo* basis.

### a. Counting, Marking and Handling of Ballots

The counting, marking and handling of ballots is governed by 21-A M.R.S.A. §§ 691-699. Under Maine law, a voter may write in the name of a candidate for nomination to an office.[1] 21-A M.R.S. § 691(2) (2007). If the outcome of an election is in dispute, certain statutory procedures exist to determine the validity or disposition of a disputed ballot. *See* 21-A M.R.S. § 696 (2007).

As an initial matter, any disputed ballots that are determined to be "invalid" under section 696 must be removed from the count. *In the Matter of Primary Election Ballot Disputes 2004*, 2004 ME 99, ¶ 19, 857 A.2d 494, 500-501. "Because the legislature has determined that these votes may *never* be counted, there is no need to attempt to discern the voter's intent." *Id.*

One such "invalid" vote is any vote wherein a "voter writes in a name and municipality of residence, but does not mark the write-in indicator. . . . " 21-A M.R.S. §

---

[1] Section 691(2) reads:

> WRITE-IN VOTE. If the voter wishes to vote for a person whose name is not on the ballot, the voter must write the name and municipality of residence or paste a sticker containing the name and municipality of residence in the blank space provided at the end of the list of candidates for nomination to the office in question. The voter must then mark the ballot as instructed in the directions on the ballot to indicate a vote for the write-in candidate.

21-A M.R.S. § 691(2) (2007).

696(2)(D). The Law Court has specifically stated that such votes may not be saved for a determination of voter choice pursuant to section 696(4).[2] *In the Matter of Primary Election Ballot Disputes 2004*, 2004 ME 99, n. 4, 857 A.2d at 501. The Law Court has interpreted the legislature's meaning of "may not be saved" to mean that the votes "may *never* be counted." *In the Matter of Primary Election Ballot Disputes 2004*, 2004 ME 99, ¶ 19, 857 A.2d at 501. The Law Court went on to state, "the significance of marking the voter indicator box cannot be understated." *In the Matter of Primary Election Ballot Disputes 2004*, 2004 ME 99, ¶23, 857 A.2d at 502.

In this case Mr. Parker asserts that the Town erred in not including the twenty-four write-in votes that clearly indicated his name, but which lacked a checked voter indicator. The Law Court addressed this exact issue and deemed such votes invalid under section 696(2)(D). *In the Matter of Primary Election Ballot Disputes 2004*, 2004 ME 99, ¶ 39, 857 A.2d at 505. Accordingly, the Town did not err in invalidating and excluding the twenty-four challenged ballots.

### b. Legislative History of § 696(2)

Mr. Parker asserts that *In the Matter of Primary Election Ballot Disputes 2004* does not control the disputed ballots in the instant case because it construed a predecessor statute with different language. However, the statutory language material to Mr.

---

[2] Section 696(4) states:

> DETERMINATION OF CHOICE POSSIBLE. If a voter marks the voter's ballot in a manner that differs from the instructions at the top of the ballot but in such a manner that it is possible to determine the voter's choice, then the vote for the office or question concerned must be counted.

21-A M.R.S. § 696(4) (2007).

4

Parker's challenge is identical to the statutory language construed in the 2004 case.[3] At the time of the 2004 election dispute considered by the Law Court, section 696(2)(D) read:

> If a voter writes in a name and municipality of residence, but does not mark the write-in indicator, the vote for that office *may not* be counted (emphasis added).

21-A M.R.S.A. § 696(2)(D) (Supp 2003). On the date of the election at issue in this case, section 696(2)(D) read:

> If a voter writes in a name and municipality of residence, or pastes a sticker containing the candidate's name and municipality of residence in the write-in space pursuant to section 691, but does not mark the write-in indicator, the vote for that office *may not* be counted (emphasis added).

21-A M.R.S. § 696(2)(D) (2007). The additional language ("or pastes a sticker containing the candidate's name and municipality of residence in the write-in space pursuant to section 691") was added in 2005 but has no bearing on the validity of an unmarked write-in indicator.[4] L.D. 1266 (122nd Legis. 2005).

Accordingly, the Law Court has already addressed the specific issue before this Court with respect to the twenty-four challenged ballots, and found them invalid.

---

[3]  In 1997 the Maine Legislature enacted an Act to Amend the Election Laws. L.D. 1731 (118th Legis. 1997). In that Act, section 696(2)(D) was amended to read "If a voter writes in a name and municipality of residence, but does not mark the write-in square indicator, that vote for that office shall may not be counted." *Id.* at 31-LR0671(1). The language change was noted as a "technical change[] . . . to correct statutory references and maintain consistency with changes to other sections of law." *Id.* at 37-LR0671(1). The change in language from "shall not" to "may not" was not listed as a substantive change to the election laws. *Id.* at 37-LR0671(1) – 40-LR0671(1).

[4]  In June 2005 the legislature also added language to section 696(2)(D) that would allow the vote to be counted "if a determination of choice under subsection 4 is possible." L.D. 1266 (122nd Legis. 2005). That language, however, was removed in April 2006, prior to the disputed election. L.D. 1889 (122nd Legis. 2006). Accordingly, a plain reading of the statute, as interpreted by the Law Court in 2004, precludes any determination of choice under section 696(2)(D).

## III.   Fourteen Contested Checked Ballots

Because the Court has determined the Town correctly invalidated the twenty-four unmarked ballots, and because the remaining disputed ballots will not affect the outcome of the election, the Court need not reach the remaining issues.

## CONCLUSION

The election result for the June 13, 2006 Town of Arundel Selectman race is affirmed in the Parker matter. The Lane matter is dismissed as moot.


Dated:   January 14, 2008

G. Arthur Brennan
Justice, Superior Court


AP-06-035
PLAINTIFF - DAVID LANE

RICHARD HULL, III, ESQ.
409 ALFRED ST
BIDDEFORD, ME   04005

DEFENDANT TOWN OF ARUNDEL
LEAH B RACHIN ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043-6658

PARTY IN INTEREST TROY PARKER
WILLIAM S KANY ESQ
SMITH ELLIOTT SMITH & GARMEY
PO BOX 1179
SACO ME   04072

AP-06-036
PLAINTFF TROY PARKER
WILLIAM S KANY ESQ
SMITH ELLIOTT SMITH & GARMEY
PO BOX 1179
SACO ME   04072

DEFENDANT TOWN OF ARUNDEL
LEAH B RACHIN ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043-6658

6